UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ADRIAN OMALIKI SEBASTIAN PRASS,

                                Petitioner,         DECISION AND ORDER

-vs-

                                                         19-CV-6397 (CJS)

WILLIAM P. BARR, Attorney General
of the United States, et al.,

                                Respondents.

_____

This matter is before the Court on Respondents' motion to dismiss Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mot. to Dismiss, Feb. 6, 2020, ECF No. 10. Respondents argue that Petitioner's application is moot because Petitioner became subject to a final order of removal on January 27, 2020. Resp. Mem. of Law at 2, Feb. 6, 2020, ECF No. 11. For the reasons that follow, Respondents' motion to dismiss [ECF No. 10] is granted, Petitioner's application for a writ of habeas corpus [ECF No. 1] is dismissed without prejudice, and the Clerk is instructed to close this case.

BACKGROUND

Petitioner is a native and citizen of Guyana, who was admitted to the United States as a lawful permanent resident on May 22, 1997. Pet., ¶ 15, May 29, 2019, ECF No. 1. He has been incarcerated seven times for violations of New York law. Pet. at ¶ 23. In September 2010, Petitioner left the United States and did not return until October 2015. Mot. to Dismiss, Ex. 1 (Decision of the Board of Immigration Appeals), 1, Feb. 6, 2020, ECF No. 10-1.

Upon arrival in the United States in October 2015, Petitioner applied for admission as a lawful permanent resident without a reentry permit or a document allowing him to remain outside the United States for an extended period of time. Decl.

of Thomas J. Hannigan, ¶ 6, Aug. 29, 2019, ECF No. 7-1 ("Hannigan Decl"). After a review by a Customs official, Petitioner was charged pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an arriving alien "who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter . . . ." Hannigan Decl. at ¶ 9. Nevertheless, he was granted parole into the country. *Id.* at ¶ 10.

On November 14, 2017, Petitioner was apprehended trying to cross into Canada from Buffalo, New York, and was transferred to Department of Homeland Security ("DHS") custody at the Buffalo Federal Detention Facility. Hannigan Decl. at ¶ 12. DHS determined that Petitioner would be held without bail pending a hearing before an Immigration Judge. *Id.* Petitioner alleges that he has never received a bail hearing to determine whether he poses a flight risk. Pet. at ¶ 2.

Petitioner filed his application for a writ of habeas corpus on May 29, 2019 claiming that his prolonged detention violated his due process rights under the Fifth Amendment, and that his ongoing detention without bail violated the Eighth Amendment. Pet. at ¶ 46–53. On August 19, 2019, an Immigration Judge found that Petitioner had abandoned his lawful permanent resident status during his five year absence from this country, and that he was removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Ex. 1 at 1. On January 27, 2020, the Board of Immigration Appeals ("BIA") adopted the Immigration Judge's written decision, and dismissed Petitioner's appeal. *Id.*

Respondents now move the Court to dismiss Petitioner's application for a writ of habeas corpus because the change in basis for Petitioner's detention "renders Petitioner's claim to prolonged detention premature and warrants dismissal of this habeas proceeding." Resp. Mem. of Law at 2.

DISCUSSION

The parties seem to disagree as to the statutory basis for Petitioner's detention prior to the BIA's dismissal of Petitioner's appeal on January 27, 2020.[1] However, it is undisputed that the statutory basis changed to 8 U.S.C. § 1231 following the BIA's January 27, 2020 decision.

Section 1231(a) governs the detention of aliens during and after the 90 day "removal period." *See Guerra v. Shanahan*, 831 F.3d 59, 62 (2d Cir. 2016). § 1231(a)(1)(A) provides that the removal period begins at the latest of the following events:

(i) The date the order of removal becomes administratively final;

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order;

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Hechavarria v. Sessions*, 891 F.3d 49, 55 (2d Cir. 2018), as amended (May 22, 2018) (quoting 8 U.S.C. § 1231(a)(1)(B)). Under 8 C.F.R. § 1241.1(a), "[a]n order of removal made by the immigration judge . . . shall become final . . . [u]pon dismissal of an appeal by the" BIA. Therefore, Petitioner's order of removal became "administratively final" when the BIA dismissed his appeal on January 27, 2020.

During the 90-day removal period, detention of the alien is required. *Guerra*, 831 F.3d at 62 (citing 8 U.S.C. § 1231(a)(1)-(2)). After the removal period has expired, detention is discretionary, but a bond hearing is not authorized if removal is "reasonably foreseeable." 8 U.S.C. § 1231(a)(6). *See also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) (holding that detention under § 1231(a) violates due process only if removal is not "reasonably foreseeable").

---

[1] Whereas Petitioner's argument for his right to a bond hearing appears to be predicated on his detention under 8 U.S.C. § 1226, Respondents argued the basis was § 1225(b). *See*, e.g., Pet. at ¶ 12; Resp., 6, Aug. 29, 2019, ECF No. 8.

The Second Circuit Court of Appeals was faced with circumstances similar to the present case in *Wang v. Ashcroft*, 320 F.3d 130 (2d Cir. 2003). In that case, the petitioner argued that his prolonged detention under 8 U.S.C. § 1226 violated his due process rights. *Wang*, 320 F.3d at 146–147. However, the Second Circuit noted that because the petitioner was subject to a final order of approval, his detention was governed by 8 U.S.C. § 1231. *Id.* at 147. The appeals court concluded that "[t]o the extent that Wang previously may have had a cognizable due process argument under [§ 1226], that claim has been rendered moot" by the final order of removal. *Id.* (citing *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1338 (11th Cir.2001); *United States ex rel. Spinella v. Savoretti*, 201 F.2d 364 (5th Cir.1953)). *See also Shiqi Xue v. Holder*, 354 F. App'x 596, 597 (2d Cir. 2009).

Likewise, in this case the Court finds that, to the extent Petitioner may have had a cognizable Fifth Amendment or Eighth Amendment argument prior to the BIA's January 27, 2020 dismissal of his appeal, that claim has been rendered moot. *Wang*, 320 F.3d at 147. Accordingly, it is hereby

ORDERED, that Respondents' motion [ECF No. 10] is granted; and it is further

ORDERED, that Petitioner's application [ECF No. 1] is dismissed without prejudice. The Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated:     March 26, 2020
              Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge